UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LEVESTER THOMPSON, | |
| Appellant, | |
| v. | Civil Action No. 3:10–CV–919 |
| HARRY SHAIA, JR., | |
| Appellee. | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia. *Pro se* Appellant Levester Thompson appeals the bankruptcy court's order denying his "Order to Block Discharging of Trustee and from Closing Case" (ECF No. 1). After examining the record and the memoranda filed by both parties, the Court finds that oral argument is unnecessary because the facts and contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons discussed below, the Court will affirm the bankruptcy court's decision.

**I. BACKGROUND**

This case began as a voluntary Chapter 13 bankruptcy in April 2004. (R. 1).[1] In December 2004, the case was converted to a Chapter 7 bankruptcy and Appellee Harry Shaia, Jr., was appointed as trustee. (R. 52, 53). Over the course of a number of years, the Appelle facilitated the liquidation of the Appellant's assets. On March 29, 2010, the

---

1  "R. _" refers to the document number in the underlying bankruptcy case.

1

Appellee filed a corrected final report, which included all the proposed distributions to creditors, and an application for compensation for himself and his attorneys. (R. 322). The final report listed $997,978.83 in total funds and receipts for the estate, $846,364.17 in actual disbursements, and $151,614.66 in funds available for disbursement. *Id.* at 2. Also in that report, the Appellant proposed disbursements of $52,548.94 for his compensation, $3,147.87 for his expenses, and $9,784.66 for his attorney fees and expenses. *Id.*

The Appellant filed a number of objections to claims in the report (R. 324–335), including two the bankruptcy court construed as challenging disbursements of $58,144.25 and $1500.00 to the Appellee's attorneys. (R. 340, at 1-2). In a May 11, 2010, order, the court informed the Appellant that it had approved those interim fees and expenses over his objections in November 2007. *Id.* at 2. This May 2010 order overruling the Appellant's objections and approving the final report was the final substantive order in the case.

On September 13, 2010, the bankruptcy court entered an "Order Discharging Trustee and Closing Case." (R. 346). In that administrative order, the Court noted that the Appellee had distributed the estate's cash and "that nothing further remain[ed] to be done in this matter." *Id.* at 1. The Appellant responded to this order with an "Order to Block Discharging of Trustee and From Closing Case." (R. 348). In this filing, he claimed that "there has been no complete accounting of the monies collected from the sale of the real estate properties that would allow closure of this [b]ankruptcy case, [and that] the allowed claims are far less than the purchase of the sale." *Id.* at 1. He also challenges the amount of compensation the Appellee received and noted that he "ha[d] not received a cent of the money from the sale of the real estate property which was sold August 1, 2006." *Id.*

Although no claims were pending before the court, the Appellant also attached a "Notice of Objection to Claim" to his filing. *Id.* at 2-3.

The bankruptcy court construed the Appellant's September 2010 filing as an objection to the court's September 2010 order and overruled it. (R. 351, at 1). In its October 21, 2010, order, the court noted that the Appellant neither sought reconsideration of nor appealed the May 2010 substantive order approving the Appellee's final report and proposed distributions. *Id.* The court further noted that the final account showed that the Appellee disbursed to creditors all of the total gross receipts and that unsecured creditors received an 83% dividend. *Id.* at 1-2. Thus, there were "no funds left over for return to the debtor." *Id.* at 2. Finally, the court stated that "[t]he September 13, 2010, order as to which debtor complains is merely an administrative order necessary to enable the bankruptcy case to be closed. All substantive matters relating to the Chapter 7 Trustee's distributions were previously considered by the court when it approved the corrected final report." *Id.*

On October 27, 2010, the Appellant filed another "Order to Block Discharging of Trustee and From Closing Case." (R. 353, at 3). This filing stated in its entirety: "In response to the Trustee's notice on the 30th day of September 2010, I, Levester Thompson, M.D., debtor, am respectfully pleading to the Court stating that I don't think this case is over." *Id.* The Appellant attached three documents to the filing: another unexplained "Notice of Objection to Claim," a copy of the court's September 2010 order discharging the trustee and closing the case, and the Appellee's response to the Appellant's September 2010 filing objecting to that order. In a November 4 order, the court construed the Appellant's filing as a motion to reconsider the court's October 21 order and denied the motion for failure to

present grounds for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. (R. 354).

On November 16, 2010, the Appellant filed his notice of appeal of the November 4 order and of "all prior rulings and orders upon which the final order is based." (ECF No. 1).

## II. JURISDICTION AND STANDARD OF REVIEW

Appeals from core proceedings in the bankruptcy court are governed by 28 U.S.C. § 158, which states that district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" and "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). An order is "final" if it "resolve[s] the litigation, decide[s] the merits, settle[s] liability, establish[es] damages, or determine[s] the rights of . . . one of the parties." *In re Looney,* 823 F.2d 788, 790 (4th Cir. 1987). At issue in this appeal is a final order that discharged the trustee and closed the case. This Court, therefore, has jurisdiction to hear the appeal pursuant to 28 U.S.C. §158.

In reviewing a bankruptcy court's judgment, the district court reviews legal conclusions *de novo* and findings of facts for clear error. *Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 254 (4th Cir. 2007). A finding of fact is clearly erroneous if a court reviewing it, considering all the evidence, "'is left with the definite and firm conviction that a mistake has been committed.'" *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Decisions committed to a bankruptcy court's discretion are reviewed for abuse of discretion, however. *See, e.g.*, *In re French*, 499 F.3d 345, 357 n.11 (4th Cir. 2007).

4

### III. ANALYSIS

Thompson appeals the bankruptcy court's November 4, 2010, order construing his filing as a motion to reconsider and denying that motion. When parties file motions that request reconsideration of a decision without identifying a legal basis for that reconsideration, courts apply either Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure.[2] *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). The bankruptcy court construed the Appellant's October 27, 2010, filing as a motion for reconsideration and decided it based on the Rule 59(e) standard. The Appellant did not object to the application of Rule 59(e), and he has not raised that issue on appeal. Accordingly, the Court will review the bankruptcy court's denial of his motion under Rule 59(e).

Although no specific language in the text of Rule 59(e) establishes the grounds upon which the court may grant relief, "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Reconsideration is appropriate where "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Such problems rarely arise and the motion to reconsider should be equally rare," however. *Id.* Finally, although a clear error of law may be grounds for reconsideration, a plaintiff should not use

---

2  Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure provide that Rules 59 and 60 apply to bankruptcy cases.

a 59(e) motion simply "to ask the Court to rethink what the Court had already thought through." *Id.*; *see also Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). A bankruptcy court's determination of a Rule 59(e) motion is reviewed for an abuse of discretion. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

There is no evidence that the bankruptcy court abused its discretion in denying the Appellant's motion. That motion consisted of an objection to a nonexistent claim, the statement that "I don't think this case is over," a copy of the Appellee's response to an earlier filing from the Appellant, and a copy of a court order. (R. 353). The filing made no arguments—legal or otherwise—and failed to meet the requirements of a viable Rule 59(e) motion. It did not allege a change in controlling law, introduce new evidence, or suggest that a clear error of law or manifest injustice would result from the court's failure to alter or amend the previous order. On appeal, Thompson appears to argue that a manifest injustice would result if the Appellee and the Appellee's attorneys were to receive compensation for their work, which he categorizes as gross mismanagement. He did not, however, raise this issue in his Rule 59(e) motion; therefore, it is not before that court for consideration.[3] Because the Appellant failed to provide any grounds for the relief he sought or to meet the standard for Rule 59(e) motions, the bankruptcy court did not abuse its discretion by denying his filing.

---

3   Furthermore, given that the bankruptcy court commended the Appellee for his "exemplary" conduct in this case, it seems unlikely that the court would have overturned the Appellee's compensation. (*See* R. 340, at 4.)

6

The Court notes that even if the bankruptcy court had granted the Appellant's motion to reconsider, the only outcome would have been the reconsideration of another order overruling the Appellant's objection to a strictly administrative order closing a case. The bankruptcy court entered the last substantive order in this case on May 11, 2010. The proper time for the Appellant to appeal the issues he raises on appeal here would have been within fourteen days of that order. Fed. R. Bankr. P. 8002. Thus, to the extent the Appellant intended to raise those issues in this appeal, they are untimely.

Finally, in his appellate briefs, Thompson also raises a number of substantive claims that he contends warrant reopening his case. This Court, however, cannot grant Thompson the relief he seeks, which is a review of the merits of "all prior rulings and orders upon which the final order is based." (ECF No. 1). On appeal of a motion to reconsider, a district court may not review the merits of any underlying orders; rather, it "may only review the denial of the motion with respect to the grounds set forth" in the applicable rule. *Browder v. Dir., Ill. Dept' of Corrections*, 434 U.S. 257, 263 n.7 (1978); *In re Burnley*, 988 F.2d at 3. In other words, Thompson's appeal of the court order denying his motion to reconsider an order overruling an objection to a purely administrative order does not reopen the door to all decisions he disagrees with.[4]

//

//

//

---

4   Notwithstanding the Court's lack of jurisdiction to consider the underlying merits of the administrative order, it does not appear that the bankruptcy court abused its discretion in discharging the trustee and terminating the case. As the court noted at that time, all funds had been distributed to creditors and "nothing further remain[ed] to be done in this matter." (R. 346).

7

## IV. **CONCLUSION**

For the reasons stated above, the Court AFFIRMS the bankruptcy court's decision.

Let the Clerk send a copy of this Order to all parties of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this    29th    day of August 2011.